IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NACOGDOCHES OIL & GAS, L.L.C., and MIKE FINLEY | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 06-2551-CM ) ) |
| LEADING SOLUTIONS, INC., DOUGLASS GOODRUM, and DONALD MARKAY, | ) ) ) ) |
| Defendants. | ) ) ) |

## MEMORANDUM AND ORDER

Plaintiffs, Nacogdoches Oil & Gas, L.L.C. ("Nacogdoches") and Mike Finley, bring this action seeking declaratory relief against Leading Solutions, Inc. ("Leading Solutions"), Douglass Goodrum, and Donald Markay. Pending before the court is Defendant Markay's Motion to Dismiss, Transfer, or Stay (Doc. 15). Defendant Markay claims that plaintiffs' declaratory judgment action was improperly filed in anticipation of defendant's later-filed suit for damages and should be dismissed as an exception to the first-to-file rule. Based on the following analysis, the court finds that plaintiffs' declaratory judgment action was an improper anticipatory filing and is subject to dismissal. Defendant Markay's alternative requests to transfer or stay are moot.

**I.     Factual Background**

Plaintiff Nacogdoches operates the Cherryvale Waterflood Project, an oil recovery project located in Labette County, Kansas. Plaintiff Finley is the manager of Nacogdoches. Plaintiffs sold defendant Leading Solutions a 5% working interest in the Cherryvale Waterflood Project. Defendant Goodrum, Leading Solutions's president, signed the agreement on behalf of Leading

Solutions. The selling agreement stated that Leading Solutions would make efforts to sell up to 4% of its working interest to third parties. Defendant Markay purchased a 1% working interest in the Cherryvale Waterflood Project from Leading Solutions.

On October 2, 2006, defendant Markay sent a demand letter to plaintiff Finley, plaintiff Nacogdoches, defendant Goodrum, and defendant Leading Solutions, alleging violations of North Dakota securities laws and other claims connected to defendant Markay's investment in the Cherryvale Waterflood Project. Defendant Markay offered settlement with a response deadline of October 20, 2006, and enclosed a draft of a complaint. Plaintiffs filed this action in Labette County, Kansas on October 20, 2006. Although it is not clear when plaintiffs served defendant Markay with process, the summons was issued on November 20, 2006. On December 8, 2006, defendant Markay filed suit in the United States District Court for the District of North Dakota. *See generally Donald Markay v. Leading Solutions, Inc., et al.*, Case No. 3:06 cv 105. Defendant Markay then removed the instant action to this federal court on December 13, 2006.

**II.    Discussion**

A court may decline to exercise jurisdiction to hear a declaratory judgment action. 28 U.S.C. §2201; *Sprint Corp. v. Aerotel, Ltd.*, No. 99-2547-JWL, 2000 WL 382031, at * 2 (D. Kan. Mar. 17, 2000) (*citing Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995)). Factors used to determine whether a court should exercise jurisdiction include the following: "(1) whether the declaratory action will settle the controversy; (2) whether the declaratory action will serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purposes of 'procedural fencing' or 'to provide an arena for a race for res judicata'; (4) whether the use of a declaratory judgment action will increase friction between federal and state courts and

improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective." *Republic Ins. Co. v. Sinclair Oil Corp.*, 791 F. Supp. 278, 280 (D. Utah 1992) (quoting *Grand Truck W.R.R. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984)).

Here, the fourth factor is irrelevant, as there is not a case pending in state court. The first, second, and fifth factors are fairly neutral. Under the first factor, the court is uncertain whether this action will settle the controversy. It appears that plaintiffs' complaint only relates to the selling agreement, but defendant Markay argues that an agency agreement is also at issue in the case. He filed counterclaims and cross-claims regarding the agency agreement. Under the second factor, the declaratory action could clarify some legal relations, but potentially not all without consideration of the counterclaims and cross-claims. Under the fifth factor, there is an alternative remedy: the action for damages pending in North Dakota, which appears to mirror the counterclaims and cross-claims filed in this action for declaratory judgment.

The third factor—whether plaintiffs are using this action for procedural fencing—is the most significant factor to the court in this case. District courts have discretion in staying or dismissing a suit whenever it is duplicative of "a parallel action already pending in another federal court." *Hoosier Energy Rural Elec. Coop., Inc. v. Exelon Generation Co., LLC*, No. 1:04-cv-1761-JDT-TAB, 2005 WL4882703, at *2 (S.D. Ind. Sept. 26, 2005) (citing *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993)). Duplicative suits are those in which "the claims, parties, and available relief do not significantly differ between the two actions." *Id.* Here, plaintiffs' declaratory judgment action involves the same parties disputing the same issues as the case in North Dakota.

The Tenth Circuit ordinarily applies the first-to-file rule, which provides that when duplicative lawsuits are pending in separate federal courts, the entire action should be decided by the court in which the action was first filed. *Johnson v. Pfizer, Inc.*, No. 04-11178-MLB, 2004 WL

2898076, at *2 (D. Kan. Dec. 10, 2004) (citing *Buzas Baseball, Inc. v. Bd. of Regents of the Univ. of Ga.*, 189 F.3d 477 (10th Cir. 1999); *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982); *Cessna Aircraft Co. v. Brown*, 348 F.2d 689, 692 (10th Cir. 1965)). Therefore, as a general rule, the first-filed suit has priority. *Venture Corp. v. J.L. Healy Constr. Co.*, No. 88-1351-T, 1988 WL 131354, at *2 (D. Kan. Nov. 22, 1988). But the presumption usually afforded the party who files first is not a rigid rule. A court is not required to decide the merits of the case simply because it was the first-filed. *Buzas*, 189 F.3d at 477 (citing *Hospah*, 673 F.2d at 1164). Departure from the first-to-file rule may occur at the court's discretion or if certain special circumstances are present. *U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990).

Circumstances in which a party exhibits bad faith, anticipatory filing, and forum shopping permit the court's departure from the first-to-file rule. *MCS Music Am. Inc. v. Napster, Inc.*, No. 3:06-1197, 2007 WL 726835, at *2 (M.D. Tenn. Mar. 6, 2007). An improper anticipatory filing is one made under threat of a presumed adversary filing in a different district of the "mirror image" of that suit. *Universal Premium Acceptance Corp. v. Oxford Bank & Trust*, No. 02-2448-KHV, 2002 WL 31898217, at *2 (D. Kan. Dec. 10, 2002) (citing *Boatment's First Nat'l Bank v. KPERS*, 57 F.3d 638, 641 (8th Cir. 1995) (stating "red flags" that suggest compelling circumstances to disregard the first-filed rule include notice that the other side was considering filing a lawsuit, and the fact that first-filed suit was a declaratory judgment action)).

A party's right to seek declaratory relief "does not necessarily constitute an anticipatory filing for the purposes of an exception" to the first-to-file rule; however, it is often suspected to be an improper anticipatory filing. *MCS Music*, 2007 WL 726835, at *2; *MedSpring Group, Inc. v. Atl. Healthcare Group*, No. 05 CV 115, 2006 WL 581018, at *4 (D. Utah Mar. 7, 2006). Therefore, if the first-filed action is a declaratory judgment filed for the purpose of anticipating litigation on the

-4-

same issues, the court may decline to follow the rule and dismiss the action. *Buzas*, 189 F.3d at 477 (10th Cir. 1999).

Although plaintiff Nacogdoches filed its declaratory judgment action first, Nacogdoches's declaratory judgment action appears to be an anticipatory filing that is more indicative of a preemptive strike than a suit for damages or equitable relief. Defendant Markay provided plaintiff Nacogdoches a draft copy of the complaint that he threatened to file in the United States District Court for the District of North Dakota if plaintiff Nacogdoches failed to meet the conditions of the demand letter. Based on the information in the record, it appears that plaintiff Nacogdoches filed the declaratory judgment action in anticipation of defendant Markay's threatened suit. Significantly, plaintiff Nacogdoches filed this case on the deadline that defendant Markay gave it to respond to the demand letter.

Moreover, when competing actions are filed within a short time of each other, courts may disregard the first-filed rule. *Universal Premium*, 2002 WL 31898217 at *2. In this case, plaintiffs Nacogdoches and Finley filed suit only seven weeks before defendant Markay filed suit in North Dakota and apparently served defendant Markay less than three weeks before defendant Markay filed suit. The two competing lawsuits are close enough in time to convince this court that the first-to-file rule should be disregarded. *See Affinity Memory & Micro, Inc. v. K & Q Enters., Inc.*, 20 F. Supp. 2d 948, 954–55 (E.D. Va. 1998) (ordering transfer to second court when second action filed only two weeks after first action).

Because the first-filed suit is an anticipatory declaratory action arising out of the same incident and concerning the same issues of liability, the court concludes that the first-to-file rule is not applicable in this case. "[C]ourts have demonstrated reluctance to entertain declaratory judgment actions which have been filed in anticipation of another lawsuit and in an attempt to forum

-5-

shop." *Republic Ins. Co.*, 791 F. Supp. at 280 (*citing Tempco Elec. Heater Corp. v. Omega Eng'g, Inc.*, 819 F.2d 746 (7th Cir. 1987); *Ven-Fuel, Inc. v. Dep't of the Treasury*, 673 F.2d 1194, 1195 (11th Cir. 1982)). Accordingly, the court declines to hear this action and grants defendant Markay's motion to dismiss.

**IT IS THEREFORE ORDERED** that Defendant Markay's Motion to Dismiss, Transfer, or Stay (Doc. 15) is granted in part and denied in part as moot. Plaintiffs' claims for declaratory relief are dismissed.

**IT IS FURTHER ORDERED** that defendants should notify the court within ten days of the date of this Memorandum and Order whether they intend to pursue their counterclaims and cross-claims in this court or whether they will be voluntarily dismissing those claims.

Dated this 17th day of August 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**